IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RACHEL LAWRENCE MOR and ) <br> CHARLES W. WRIGHT, individuals, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> THE OKLAHOMA CORPORATION ) <br> COMMISSION, *et al.*, ) <br> ) <br> Defendants. ) | Case Number CIV-04-1088-C |

## **MEMORANDUM OPINION**

Plaintiffs were employed by Defendant Oklahoma Corporation Commission ("OCC") as attorneys in the general law division. In the course of their employment, Plaintiffs became concerned about the settlement of cases involving the Petroleum Tank Storage Division ("PTSD"). Plaintiff Wright also was concerned with the manner in which a fellow employee was treated, believing she had been discriminated against in a manner prohibited by Title VII. After airing their complaints about these issues, Plaintiffs became the subject of an "investigation" conducted by Defendants Jackson and Porter. Ultimately, Plaintiffs were terminated, with the stated reasons being the improper use of state computer equipment and poor job performance. Plaintiffs then brought the present action asserting violation of various of their constitutional rights, conspiracy to violate constitutional rights, retaliation in violation of 42 U.S.C. § 2000e, et seq. ("Title VII"), and various state law claims. Defendants filed the present motion pursuant to Fed. R. Civ. P. 56, arguing the undisputed

facts demonstrate that Plaintiffs cannot prevail and, therefore, Defendants are entitled to judgment.

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c) except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed

in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Here, despite the fact that they have filed a 57-page brief and supported it with three volumes of exhibits, Defendants have failed to demonstrate the material facts are undisputed. For the most part, Defendants' brief consists of nothing more than a recitation of generally applicable law on one of Plaintiffs' claims followed by a conclusory assertion that the LCvR56.1 statement demonstrates there is no dispute of material fact. Missing from Defendants' brief and, of course necessary for proper consideration of the issues by the Court, is any meaningful analysis of the facts and applicable law. Indeed, Defendants' brief seeks to shift the burden of showing the absence of disputed fact from themselves to the Court by asking the Court to sift through the facts and determine which would address the various issues and entitle Defendants to judgment. The Tenth Circuit has made clear that this tactic is improper for those responding to a summary judgment motion and it stands to reason that the same rule should apply to the party who has the initial burden of demonstrating the absence of material fact. See Adler, 144 F.3d at 672 ("[W]here the burden to present such specific facts by reference to exhibits and the existing record was not adequately met below, we will not reverse a district court for failing to uncover them itself."). There are only two portions of Defendants' brief warranting additional consideration. The first is the challenge to Plaintiffs' claim based on qualified immunity. The second is the challenge to Plaintiffs' state law claims on Eleventh Amendment grounds. These arguments will be further addressed.

Defendants argue they are entitled to qualified immunity because Plaintiffs cannot show they caused the violation of any of Plaintiffs' federally protected rights.

> In the summary judgment setting, when a defendant raises a qualified immunity defense, a heavy two-part burden must be overcome by the plaintiff. Medina v. Cram, 252 F.3d 1124, 1128 (10th Cir. 2001). Plaintiff must first establish that "the facts alleged [taken in the light most favorable to the nonmoving party] show the officer's conduct violated a constitutional right." Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); Medina, 252 F.3d at 1128. Second, Plaintiff must demonstrate that the right was clearly established. Id.

Phillips v. James, 422 F.3d 1075, 1080 (10th Cir. 2005). As noted above, Defendants have failed to identify the evidence demonstrating the absence of material dispute on Plaintiffs' claims. In contrast, Plaintiffs have offered evidentiary materials demonstrating that, when viewed in the light most favorable to them, Defendants' conduct violated their constitutional rights in the manner alleged. Thus, Plaintiffs have satisfied the first inquiry.

Defendants, again without any factual analysis, argue the Plaintiffs have failed to demonstrate these rights were clearly established and that a reasonable pubic official would know his/her conduct violated Plaintiffs' rights. The Court disagrees. The case law on which Plaintiffs' claims are based is longstanding and precedential in this jurisdiction. See Perry v. Sinderman, 408 U.S. 593, 597 (1972) (First Amendment claims); Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 533 (10th Cir. 1998) (42 U.S.C. § 1983 conspiracy claims); Radecki v. Barela, 146 F.3d 1227, 1229 (10th Cir. 1998) (substantive due process claims); Farthing v. City of Shawnee, Kan., 39 F.3d 1131, 1135 (10th Cir. 1994) (procedural

due process claims); Workman v. Jordan, 32 F.3d 475, 481 (10th Cir. 1994) (liberty interest claims).

To the extent Defendants argue the law was not clearly established as the precise factual issue arising in this case has not been previously addressed, that argument has been rejected by the Tenth Circuit. See Murrell v. School Dist. No. 1, Denver, Colo., 186 F.3d 1238, 1251 (10th Cir. 1999) ("We have never said that there must be a case presenting the exact fact situation at hand in order to give parties notice of what constitutes actionable conduct. Rather, we require parties to make reasonable applications of the prevailing law to their own circumstances . . . ."). Thus, Defendants are not entitled to qualified immunity.

Defendant OCC argues Plaintiffs' state law claims against it are barred by the Eleventh Amendment. The individual Defendants argue Plaintiffs claims against them are barred by the Oklahoma Governmental Tort Claims Act ("OGTCA"). In response, Plaintiffs agree that they are not now nor have they ever been pursuing their state law claims against the individual Defendants. Rather, Plaintiffs assert, they are pursuing those claims against the OCC as required by the OGTCA. Thus, the question at issue is whether Plaintiffs can prosecute state law based claims against the OCC in federal court or if those claims are barred by the Eleventh Amendment.

As a general rule, the Eleventh Amendment bars prosecution of claims against a state entity in federal court.

> There are two narrow exceptions to the doctrine of sovereign immunity as it is enshrined in the Eleventh Amendment:  1) A state may waive its Eleventh Amendment immunity by consenting to be sued, but only in the

>clearest and most unmistakable terms, and 2) Congress may abrogate the states' Eleventh Amendment immunity, but again, only by using the clearest and most unmistakable terms, . . . .

ANR Pipeline Co. v. Lafaver, 150 F.3d 1178, 1187-88 (10th Cir. 1998). Although their brief is unclear, it appears that Plaintiffs are arguing Oklahoma's passage of the OGTCA amounts to a waiver of its sovereign immunity to the extent claims are brought within the requirements of that Act. However, this argument ignores the language of 51 Okla. Stat. § 152.1(B), which states: "The state, only to the extent and in the manner provided in this act, waives its immunity and that of its political subdivisions. In so waiving immunity, it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution." Such a reservation of Eleventh Amendment immunity is in harmony with the accepted authority that there are differences between sovereign immunity, which protects a sovereign from suit in general, and Eleventh Amendment immunity, which dictates where a sovereign may be sued. See generally, Stewart v. North Carolina, 393 F.3d 484, 487-88 (4th Cir. 2005); see also Richins v. Indus. Constr., Inc., 502 F.2d 1051, 1055 (10th Cir. 1974) ("[A] state's consent to be sued in the state's own courts does not serve to waive its Eleventh Amendment immunity."); Williams v. Eaton, 443 F.2d 422, 428 (10th Cir. 1971)). Thus, although Oklahoma has clearly waived its sovereign immunity to the extent there is compliance with the requisites of the OGTCA, those claims may not be prosecuted in federal court.

However, simply because Plaintiffs may not prosecute their state law claims in this Court does not mean that Defendants are entitled to judgment on those claims. Rather, the Court will dismiss Plaintiff's state law based claims without prejudice.

## **CONCLUSION**

As set forth more fully herein, material facts are in dispute. Accordingly, Defendants' Motion for Summary Judgment (Dkt. No. 89) is DENIED. Plaintiff's state law based claims are barred from prosecution in this Court by the Eleventh Amendment. Accordingly, those claims are dismissed without prejudice.

IT IS SO ORDERED this 29th day of December, 2005.

_____
ROBIN J. CAUTHRON
United States District Judge